UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| COVINGTON FABRIC & DESIGN LLC )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>COUNTRY CURTAINS, INC., )<br>HOUSATONIC CURTAIN COMPANY, INC., )<br>and )<br>JOHN DOES 1-10. )<br>)<br>Defendants. )<br>) | Civil Action No: _____ |

## VERIFIED COMPLAINT

Plaintiff, Covington Fabric & Design, LLC. ("Covington" or "Plaintiff"), through its undersigned attorneys, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.* and related state law claims. Covington brings this action to recover damages caused by the Defendants' continued, systematic, unauthorized copying of Covington's timely-registered copyrighted works. Defendants' actions have been and continue to be willful, and substantially damage Covington's core business – the sale of high quality decorative fabrics for consumer use. Defendants have caused significant harm to Covington and have earned unjust profits for themselves.

13029199.1

2. Covington seeks all remedies afforded by the Copyright Act, including statutory damages, or actual damages and Defendants' profits, and an award of costs including legal fees. Because Defendants' infringements were willful and included at least eleven (11) registered works, and because a jury has discretion to award statutory damages of up to $150,000 for each willfully infringed registered work, Defendants' potential liability may exceed $1,650,000 dollars. Plaintiff also seeks damages for Defendants' tortious interference with Covington's business relationships with its other customers.

## JURISDICTION AND VENUE

3. This is a civil action seeking monetary relief for copyright infringement under the laws of the United States (17 U.S.C. § 101 *et seq.*).

4. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright). Those causes which arise under the common law of Massachusetts are pendent or ancillary causes under 28 U.S.C. § 1338(b). This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the original jurisdiction federal claims raised herein that they form a part of the same case or controversy. Further, there exists no reason for this Court to decline to exercise supplemental jurisdiction under subsection (c) of 28 U.S.C. § 1367.

5. Defendants are subject to personal jurisdiction in this district, and venue is proper here under 28 U.S.C. §§ 1391(a) and 1400(a). A substantial part of the events or omissions giving rise to the claim occurred in this district, where Defendants reside, and Defendants caused injury here where infringing products have been manufactured and sold.

## THE PARTIES

6.     Covington is a limited liability corporation duly organized and existing under the laws of the State of Delaware with principal place of business in New York, N.Y. and Calhoun Falls, S.C. Covington is a family-owned company, operated today by the children of Herbert and Lillian Kahan, who established what is now known as Osgood Textiles in Springfield, Massachusetts in 1947. In March 2008, Covington purchased the assets of Covington Holdings, LLC ("CHLLC"), including its intellectual property assets, from Webster Business Credit Corporation following a secured party foreclosure of CHLLC's assets. Although it has changed hands several times, the Covington brand originally was established approximately 65 years ago; the business ultimately grew to be one of the largest decorative fabrics conversion businesses in the United States.[1]

7.     Defendants Country Curtains, Inc. ("Country Curtains") and Housatonic Curtains, Inc. ("Housatonic") are wholly-owned subsidiaries of Fitzpatrick Holdings, LLC, a holding company. Country Curtains is a Massachusetts corporation having its principal place of business in Stockbridge, Massachusetts. Housatonic, which is also a Massachusetts corporation, has its principal place of business in Housatonic, Massachusetts.

8.     On information and belief, Housatonic manufactures fabric curtains and supplies them to Country Curtains for sale to the public. Country Curtains sells these curtains by way of its *Country Curtains* mail order catalog, its website <countrycurtains.com> and brick-and-mortar retail stores. Country Curtains advertises the curtains manufactured by Housatonic as: "Made at our own factory".

---

[1] A "fabric converter" creates or selects fabric designs and arranges the fabric's manufacture through a weaving or printing process. The converter takes delivery of the finished goods and distributes them to wholesale/ jobbers, selected retailers and manufacturers – such as Defendants.

9.  John Does 1-10 are unknown defendants who have collaborated with the named defendants in perpetrating the unlawful actions as set forth herein.

10. Each Defendant has participated with the others, individually and collectively in an ongoing and interrelated course of unlawful conduct, i.e., violation of copyright laws by the unauthorized reproduction and sale of Plaintiff's fabric designs.

## GENERAL ALLEGATIONS

11. Covington is the exclusive owner, obtained by assignment, of all copyrights under Title 17 of the United States Code in certain original works of authorship, namely, at least eleven (11) fabric designs (collectively, the "Copyrighted Materials"). The Copyrighted Materials are distributed by Covington to wholesale/jobbers, manufacturers and retailers, who re-sell the fabric by the yard or incorporate it into useful articles such as furniture and curtains.

12. Covington's Copyrighted Materials are covered by the following certificates of copyright registration duly issued by the U.S. Copyright Office:

| Copyright Title | Covington Name | Country Curtains Name | Registration No. | Date of Registration | Date of Completion | Date of First Publication |
|---|---|---|---|---|---|---|
| Cov #5189 | Fenia | Andover Floral | VA 1-141-780 | June 17, 2002 | 2002 | May 7, 2002 |
| Cov #5456 | Beckford | Barrington Plaid | VA 1-242-129 | November 10, 2003 | 2003 | August 1, 2003 |
| Piaget | Benenden (aka Piaget) | Berkshire Plaid | VA 1-172-318 | March 20, 2003 | 1996 | July 15, 1996 |
| Cov #5821 | Perrine Moire | Moire Stripe | VA 1-358-413 | April 3, 2006 | 2005 | May 1, 2005 |
| M-Musee | Bergere Toile | Toile | VA 781-204 Supp. by VA1-288,970 | August 8, 1996 | 1996 | June 3, 1996 |
| Cov #5262 | Flemming | Andover Stripe | VA 1-141-779 | June 17, 2002 | 2002 | May 7, 2002 |
| Belmont | Belmont | Blackwell Check | VA 147-288 | April 18, 1983 | 1983 | March 3, 1983 |

- 4 -

13029199.1

| Copyright Title | Covington Name | Country Curtains Name | Registration No. | Date of Registration | Date of Completion | Date of First Publication |
|---|---|---|---|---|---|---|
| Cov #5489 | Ballard | Barrington Paisley | VA 1-224-038 | August 21, 2003 | 2003 | May 27, 2003 |
| COV #5389 | Maine Ticking | Belmont | VA 1-224-034 | August 21, 2003 | 2003 | April 10, 2003 |
| 5353 | Picardy | Belmont | VA 1-175-702 | January 17, 2003 | 2002 | October 31, 2002 |
| 5656 | Rigoletto | Belmont | VA 1-310-855 | March 21, 2005 | 2004 | September 2, 2004 |

Certified copies of the certificates of registration for the Copyrighted Materials will be submitted at the appropriate time in this proceeding.

13. These certificates of registration were issued within five years of the first publication of the Copyrighted Materials, and thus are *prima facie* evidence of the facts contained therein and the validity of the copyrights. 17 U.S.C. § 209. Among the exclusive rights granted to Covington by the Copyright Act are the exclusive rights to reproduce the Copyrighted Materials, distribute the Copyrighted Materials to the public and create derivative works from the Copyrighted Materials. 17 U.S.C. § 101.

14. For many years, Defendants and/or their predecessors-in-interest (collectively, "Defendants") have purchased Covington fabric to be manufactured into and sold as curtains and other home accessories. In fact, Defendants were Covington's most significant single customer and were responsible for sales in excess of $700,000 from March 24, 2008 (when Covington purchased CHLLC's assets) to December 31, 2008. Pursuant to 17 U.S.C. § 401, Covington placed notices of copyright protection and the Covington name on the edge of all fabric that was supplied to Defendants. True and correct photographs of a sample of Covington fabric showing

these markings ("© 5th Avenue Designs for Covington" and "TPSA International Copyright Protection")[2] are attached hereto as Exhibit "A".

15. On information and belief, Housatonic/Country Curtains directed third parties to purchase fabric from Covington to manufacture curtains and accessories, which were then sold by Country Curtains to the public. For example, on information and belief, Covington's fabric "Fenia" was purchased directly by R. L. Fisher, Inc., a curtain designer and manufacturer, at Country Curtains'/Housatonic's direction. R. L. Fisher supplied the curtains made from the copyrighted fabric to Country Curtains for sale to the consumer.

16. Country Curtains established a policy of re-naming the Covington fabrics sold to consumers under its own brands. For example, Covington's popular fabric "Bergere Toile" was sold under the name "Black Toile" by Country Curtains. Covington's fabric "Fenia" was re-named "Andover Floral" by Country Curtains.

17. Throughout 2008, purchases by Defendants and their third party suppliers (such as R. L. Fisher) from Covington diminished; by early 2009, they ground to a virtual halt. Covington noticed, however, that Country Curtains continued to advertise for sale curtains and accessories ostensibly made from Covington fabrics and fabric-by-the-yard in its catalogs and on its website. True and correct copies of excerpts of the "Country Curtains" mail order catalogs of Spring-Summer 2009, Fall Preview 2009 and its website at <countrycurtains.com> showing the Covington fabrics listed above are attached hereto as Exhibit "B".

18. Plaintiff ordered a sample of the "Andover Floral" fabric from Country Curtains. Attached as Exhibit "C" are true and correct photographs of the fabric delivered by Country Curtains compared side-by-side with a genuine sample of Covington's "Fenia" fabric. The

---

[2] "TPSA" is an acronym for the Textile Producers and Suppliers Association.

13029199.1

fabric that was delivered by Country Curtains virtually is identical to the "Fenia" fabric. At very close inspection, however, small differences can be discerned. Most noticeably, the copyright notice and brand name that is imprinted on all genuine Covington fabrics is absent on the Country Curtains fabric. Second, the colors used in the fabric are slightly different. Third, the Country Curtain fabric is slightly heavier. Clearly, Defendants have procured knock-off copies of Covington's genuine fabric from a third party for sale to the public.

19. On information and belief, Defendants have manufactured and/or commissioned the manufacture of infringing copies of the Copyrighted Works and sold these works in fabric both by the yard and/or further manufactured them into curtains and other accessories sold to the public.

20. Defendants knew of and authorized these infringing activities, benefited from them, supplied the means of copying and distributing, and had the ability to control the infringements. Defendants have caused and continue to cause unauthorized copies of the Copyrighted Materials to be made or distributed.

21. On information and belief, at least eleven (11) separate fabric designs protected by the Copyrighted Materials were copied and disseminated by Defendants, all without authority from Covington.

## COUNT I
### (Copyright Infringement)

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as if set forth in full herein.

23. Defendants' unauthorized copying and distribution of the Copyrighted Materials directly infringes Plaintiff's registered copyrights therein in violation of 17 U.S.C. § 501, *et seq.*

Each Defendant also is liable for the further infringements that occurred when copies it delivered were used as Defendants induced, intended and encouraged. Each Defendant is liable as a direct, vicarious, and contributory infringer.

24. Defendants' acts of infringement have been willful, intentional, and in reckless disregard of and indifference to the rights of Plaintiff.

25. At any time before final judgment, Plaintiff is entitled to elect to receive statutory damages in lieu of actual damages and profits. 17 U.S.C. § 504(c). For willful copyright infringement, the jury may award up to $150,000 for each of the at least eleven (11) infringed works, i.e., approximately $1,650,000. Defendants' infringement of each work was willful. The precise number of infringed works will be determined during discovery.

26. Plaintiff alternatively may choose to recover Defendants' profits attributable to infringement plus Plaintiff's actual damages. 17 U.S.C. § 504(a). The statute provides that "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenues, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Defendants' gross revenues over the period of the infringement are not known at this time, but will be determined during discovery.

27. Plaintiff has been damaged by Defendants' actions and prays for judgment in its favor and against each Defendant as follows:

(a) For a money judgment, jointly and severally against each Defendant:

i. For Plaintiff's actual damages for the infringement, and, after an accounting, for Defendants' profits attributable to the infringement.

ii. At Plaintiff's election prior to the entry of final judgment in this

- 9 -

case, and as an alternative to actual damages and profits, an award of statutory damages as permitted by the Copyright Act for each of Plaintiff's timely registered works infringed, including enhanced statutory damages of $150,000 per work for each of these works willfully infringed and timely registered.

    iii. For punitive damages in such amount as the Court finds arises from the willful acts of copyright infringement;

  (b) For a injunction against further infringement;

  (c) That the Court order Defendants, their agents, servants, employees, attorneys and all those persons in active concert or participation with any of them, to deliver up for destruction, or show proof of destruction of, any and all materials in their possession or control infringing the all copies found to have been made or used in violation of the Covington's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, pursuant to 17 U.S.C. § 503.

  (d) For an award of pre-judgment and post-judgment interest;

  (e) For Plaintiff's costs of this action, including Plaintiff's reasonable attorneys fees incurred in this action; and

  (f) For such other and further relief as the Court may deem just and proper.

## COUNT II
### (Tortious Interference with Business Relations)

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as if set forth in full herein.

29. Plaintiff had valid ongoing contractual relationships and/or advantageous relations with one or more third party customers, including but not limited to R. L. Fisher, Inc.

30. Defendants knew of these relationships and intentionally interfered with those relationships.

31. Defendants' interference, in additional to being intentional, was improper in motive or means.

32. Plaintiff was harmed by Defendants' actions, and prays for judgment in its favor and against each Defendant as follows:

(a) For a money judgment, jointly and severally against each Defendant, for all damages Plaintiff has sustained as a result of Defendants' tortious interference with plaintiff's contractual relations and business expectancies; and

(b) For a injunction against further infringement.

## JURY DEMAND

Plaintiff demands a trial by jury.

        The Plaintiff
        COVINGTON FABRIC & DESIGN, LLC

        By its Attorneys,

*[signature]*

Dawn D. McDonald, BBO#647256
Cooley Shair, P.C.
1380 Main Street, 5th Fl.
Springfield, MA 01103-1616
Tel: (413) 781-0750
Fax: (413) 733-3042
dmcdonald@cooleyshair.com

*Of Counsel:*

Gregory P. Cirillo
Jennifer L. Elgin
Christopher Kelly
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7000

Dated: August 21, 2009

## VERIFICATION

The undersigned Officer of Plaintiff Covington Fabric & Design, LLC. has read the foregoing Verified Complaint and hereby certifies that the facts stated therein are true and accurate.

*[signature]*
Mark S. Kahan
Chairman and CEO


STATE OF NEW YORK          )
                           )  ss:
COUNTY OF NEW YORK         )

I, CHUAN WANG, a Notary Public in and for said county, in the State aforesaid, do hereby certify that Mark S. Kahan, personally known to me to be the Affiant and personally known to me to be the same person whose name is subscribed to the foregoing Verification, appeared before me this 19th day of August, 2009, in person, and upon his oath acknowledged that he signed and delivered the said Verification as his free and voluntary act.

*[signature]*
Notary Public

My Commission Expires:

CHUAN WANG
NOTARY PUBLIC, State of New York
No. 01WA6002716
Qualified in Suffolk County
Commission Expires Feb. 17, 2010

13029199.1